| | |
|---|---|
| UNITED STATES DISTRICT COURT | |
| NORTHERN DISTRICT OF CALIFORNIA | |

CEDRIC WEBB,

    Plaintiff,

v.

GREGORY AHERN, et al.,

    Defendants.

Case No. 16-cv-06892-YGR (PR)

**ORDER OF PARTIAL DISMISSAL AND SERVICE**

## I. INTRODUCTION

Plaintiff, a state prisoner who is currently incarcerated at California State Prison-Solano ("CSP-Solano"), has filed a *pro se* civil rights action pursuant to 42 U.S.C. § 1983, stemming from a July 18, 2014 incident during which excessive force was used against him while he had been previously incarcerated at the Santa Rita County Jail ("SRCJ"). Plaintiff, who is an African American, further alleges that "the excessive force in which he was subjected was predicate[d] on a racial animus in violation of 42 [U.S.C.] § 1985 in which Caucasian deputies conspired to assault plaintiff based on race." Dkt. 1 at 3.[1]

Plaintiff names the following Defendants from the Alameda County Sheriff's Office: Sheriff Gregory Ahern; Deputy Sheriff Jenkins; Lieutenant C. Nobriga; Sergeant R. MacIntire; "Sheriff's Deputies John Does (1-6)"; and "Chief Medical Officer (CMO) John Doe (7)." *Id.* Plaintiff seeks injunctive relief and monetary damages.

Plaintiff has filed a motion for leave to proceed *in forma pauperis*, which will be granted in a separate written Order.

Venue is proper because the events giving rise to the claim are alleged to have occurred at SRCJ, which is located in this judicial district. *See* 28 U.S.C. § 1391(b).

---

[1] Page number citations refer to those assigned by the Court's electronic case management filing system and not those assigned by Plaintiff.

## II. DISCUSSION

### A. Injunctive Relief Claims

As mentioned above, Plaintiff seeks both injunctive relief as well as monetary damages. The jurisdiction of the federal courts depends on the existence of a "case or controversy" under Article III of the Constitution. *PUC v. FERC*, 100 F.3d 1451, 1458 (9th Cir. 1996). A claim is considered moot if it has lost its character as a present, live controversy, and if no effective relief can be granted: "Where the question sought to be adjudicated has been mooted by developments subsequent to filing of the complaint, no justiciable controversy is presented." *Flast v. Cohen*, 392 U.S. 83, 95 (1968). Where injunctive relief is involved, questions of mootness are determined in light of the present circumstances. *See Mitchell v. Dupnik*, 75 F.3d 517, 528 (9th Cir. 1996).

When an inmate has been transferred to another prison and there is no reasonable expectation or demonstrated probability that he will again be subjected to the prison conditions from which he seeks injunctive relief, the claim for injunctive relief should be dismissed as moot. *See Dilley v. Gunn*, 64 F.3d 1365, 1368-69 (9th Cir. 1995). A claim that the inmate might be re-transferred to the prison where the injury occurred is too speculative to overcome mootness. *Id.*

Plaintiff seeks injunctive relief to remedy his alleged injuries stemming from various constitutional violations during his previous incarceration at SRCJ. However, Plaintiff has since been transferred to CSP-Solano. Because Plaintiff is no longer incarcerated at SRCJ, his claims for injunctive relief based on his confinement at SRCJ are DISMISSED as moot. The Court now proceeds to review Plaintiff's remaining claims for monetary damages.

### B. Claims for Monetary Damages

#### 1. Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b)(1), (2). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th

Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements, namely that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

### 2. Eighth Amendment Claims

A prisoner has the right to be free from cruel and unusual punishment, including physical abuse by guards. Whenever prison officials stand accused of using excessive physical force in violation of the Eighth Amendment, the core judicial inquiry is whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm. *Hudson v. McMillian*, 503 U.S. 1, 6 (1992) (citing *Whitley v. Albers*, 475 U.S. 312, 317 (1986)).

In addition, deliberate indifference to a prisoner's serious medical needs amounts to the cruel and unusual punishment prohibited by the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). The requirements for mental health care are the same as those for physical health care needs. *See Doty v. County of Lassen*, 37 F.3d 540, 546 (9th Cir. 1994). A prison official violates the Eighth Amendment only when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious, and (2) the official is, subjectively, deliberately indifferent to the inmate's health. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

Plaintiff alleges that on July 18, 2014, he was subjected to excessive force by Defendant Jenkins. Dkt. 1 at 6-7. Specifically, Plaintiff alleges that on the date of the incident he was summoned to the inmate canteen. *Id.* at 5. Upon arriving at the canteen, Plaintiff, who suffers from "mental health issues" and claims to be "borderline educational illiterate," believed there was a discrepancy between the order he had placed for canteen items and those items he received. *Id.* at 5-6. Plaintiff resolved the issue with the employees working at the canteen, and Plaintiff apologized for any issue caused to those present, which included a "civilian female canteen employee," "inmate canteen workers," and Defendant Jenkins. *Id.* at 6. Defendant Jenkins called Plaintiff "stupid," which embarrassed and humiliated Plaintiff, causing him to say, "That's why nobody likes you" as he passed Defendant Jenkins. *Id.* Plaintiff's comment caused Defendant

3

United States District Court
Northern District of California

Jenkins to call Plaintiff back and have him place his hands behind his back, with which Plaintiff complied. *Id.* Defendant Jenkins then "twisted and pushed plaintiff's right hand upward so violently that plaintiff stepped forward to relieve himself of the pain," after which Defendant Jenkins "slammed plaintiff's head into the table." *Id.* Defendant Jenkins then grabbed Plaintiff. *Id.* Plaintiff stepped forward "to escape the violent rage of Defendant Jenkins." *Id.* Defendant Jenkins "then dove at plaintiff," but missed him and fell to the ground. *Id.* Plaintiff claims that "John Does (1-2)" were "the two escorting deputies who failed to protect plaintiff from the assault by Defendant Jenkins." *Id.* They "took control" of Plaintiff and handcuffed him from behind. *Id.* As they escorted Plaintiff out of the chow hall area, Defendant Jenkins "walked up and used his closed fist to hit plaintiff in the jaw." *Id.* at 6-7. Shortly thereafter, the "female civilian canteen worker approached Defendant Jenkins, in the presence of Plaintiff and the escorting deputies and told him that he was wrong for slamming plaintiff's head into the table and for hitting plaintiff in the jaw." *Id.* at 7. Plaintiff then was escorted to and placed in an isolation cell where "John Does (3-4)," who were deputies, ordered Plaintiff to lay on his stomach on the floor while they cuffed his hands behind his back and called him "Nigga" several times. *Id.* Then, "John Does (1-2)" entered the isolation cell along with "John Does (5-6)," who were also deputies. *Id.* These defendants then "began to hit, kick, and stomp [on] plaintiff." *Id.* Plaintiff told them that "he could not breathe as one defendant stood on top of [his] back." *Id.* Plaintiff claims that he started "losing consciousness and then gaining consciousness." *Id.*

Defendants then took photographs of Plaintiff's facial injuries and took him to the medical department where Plaintiff was given an ice pack and 400 milligrams of Motrin. *Id.* Plaintiff alleges Defendant "John Doe (7)," who was the CMO at SRCJ, "failed to provide plaintiff with an[] additional pain reliever after x-rays revealed that Plaintiff suffered from fractured ribs based on the July 18, 2014 assault." *Id.* at 9. Plaintiff was placed in Administrative Segregation, where he remained until November 2014. *Id.* at 7. Plaintiff claims that he never was provided with a disciplinary form or incident report. *Id.*

Plaintiff alleges that Defendant Ahern acted with deliberate indifference when he failed to implement a grievance system inside the SRCJ to investigate allegations of excessive force and

4

racism by conducting interviews with all eyewitnesses present during the incident. *Id.* at 9. Further, Plaintiff alleges that Defendant Ahern failed to supervise, control, and train his subordinates having been previously put on notice that his deputies "conspired to take inmates to isolated area[s] of [SRCJ] to assault them based on race." *Id.* Finally, Defendant Ahern "implemented and maintained a policy inside [SRCJ] in which allegations of excessive force and racism made by inmates against deputies entailed a review of the incident report made by deputies accused of participating in the conspiracy to assault inmates predicate[d] on a racial animus and failure to investigate . . . ." *Id.*

Lastly, Plaintiff alleges that Defendants Nobriga and MacIntire, who handled Plaintiff's grievances, were deliberately indifferent to Plaintiff when they failed to investigate Plaintiff's allegations of excessive force and racism and further, that they participated in the conspiratorial policy maintained by the SRCJ as implemented by Defendant Ahern. *Id.* at 10.

Liberally construed, Plaintiff's complaint states a cognizable Eighth Amendment claim, relating to the use of excessive force as well as the failure to intervene, against Defendants Jenkins, Ahern, Nobriga, MacIntire, and "John Does (1-6)." And liberally construed, Plaintiff's complaint states a cognizable Eighth Amendment claim of deliberate indifference to his serious medical needs against "John Doe (7)."

### 3. Claims Against Doe Defendants

As mentioned above, Plaintiff names "John Does (1-6)" and "John Doe (7)," whose names he intends to learn through discovery. Dkt. 1 at 3.

Although the use of "John Doe" to identify a defendant is not favored in the Ninth Circuit, *see Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980); *Wiltsie v. Cal. Dep't of Corrections*, 406 F.2d 515, 518 (9th Cir. 1968), situations may arise where the identity of alleged defendants cannot be known prior to the filing of a complaint. In such circumstances, the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover their identities or that the complaint should be dismissed on other grounds. *See Gillespie*, 629 F.2d at 642; *Velasquez v. Senko*, 643 F. Supp. 1172, 1180 (N.D. Cal. 1986).

5

Plaintiff must provide to the Court the names of "John Does (1-6)" and "John Doe (7)" by the date scheduled in this Order for any served Defendant to file a dispositive motion. Failure to do so will result in dismissal of "John Does (1-6)" and "John Doe (7)" without prejudice to Plaintiff filing a new action against them.

### 4. Conspiracy or Section 1985 Claim

Plaintiff alleges in a conclusory fashion that Defendants conspired to violate his constitutional rights, or more specifically, that they "conspired to assault [him] based on race." Dkt. 1 at 3. He seeks relief under 42 U.S.C. § 1985(3). "The elements of a § 1985(3) claim are: (1) the existence of a conspiracy to deprive the plaintiff of the equal protection of the laws; (2) an act in furtherance of the conspiracy; and (3) a resulting injury." *Addisu v. Fred Meyer, Inc.*, 198 F.3d 1130, 1141 (9th Cir. 2000) (citation omitted). "A mere allegation of conspiracy without factual specificity is insufficient." *Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 626 (9th Cir. 1988); *see Steshenko v. Albee*, 442 F. Supp. 3d 1281, 1294 (N.D. Cal. 2014) (conspiracy allegations under section 1985(3) found insufficient because plaintiff failed to allege a specific agreement between defendants; the scope of the conspiracy; each defendant's role in the conspiracy; when and how the conspiracy operated; and what action was taken in furtherance of that conspiracy).

Plaintiff fails to state a claim. Alleging in a conclusory fashion that defendants conspired to violate his rights is a "formulaic recitation of the elements of a cause of action," and therefore is insufficient to plead a claim. *See Twombly*, 550 U.S. at 555 (internal citations omitted). He fails to allege a specific, as opposed to an assumed, agreement to deprive him of his rights, the scope of the conspiracy, what each defendant's specific role in the conspiracy was, etc. The present allegations rest on speculation. It is insufficient to say that because defendants, who allegedly are Caucasian, used excessive force against him, an African American, in violation of the Eighth Amendment, there necessarily was a conspiracy to violate that right "based on race." Dkt. 1 at 3. Accordingly, his claims under section 1985 are DISMISSED.

### III. CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. Plaintiff states a cognizable Eighth Amendment claim, relating to the use of excessive force as well as the failure to intervene, against Defendants Jenkins, Ahern, Nobriga, and MacIntire.

2. Plaintiff's allegations also state an Eighth Amendment claim, relating to the use of excessive force as well as the failure to intervene, against "John Does (1-6)," and relating to deliberate indifference to serious medical needs against "John Doe (7)." Plaintiff must provide to the Court the names of "John Does (1-6)" and "John Doe (7)" by the dispositive motion due date indicated below. Failure to do so will result in dismissal of "John Does (1-6)" and "John Doe (7)" without prejudice to Plaintiff filing a new action against them.

3. Plaintiff's claims under section 1985 are DISMISSED.

4. The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the complaint and all attachments thereto (dkt. 1), and a copy of this Order to the following Defendants at the Alameda County Sheriff's Office: **Sheriff Gregory Ahern; Deputy Sheriff Jenkins; Lieutenant C. Nobriga; and Sergeant R. MacIntire.** The Clerk shall also mail a copy of the complaint and a copy of this Order to the Alameda County Counsel's Office in San Francisco. Additionally, the Clerk shall mail a copy of this Order to Plaintiff.

5. Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires them to cooperate in saving unnecessary costs of service of the summons and complaint. Pursuant to Rule 4, if Defendants, after being notified of this action and asked by the Court, on behalf of Plaintiff, to waive service of the summons, fail to do so, they will be required to bear the cost of such service unless good cause can be shown for their failure to sign and return the waiver form. If service is waived, this action will proceed as if Defendants had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendants will not be required to serve and file an answer before **sixty (60) days** from the date on which the request for waiver was sent. (This allows a longer time to respond than would be required if formal service of summons is necessary.) Defendants are asked to read the statement set forth at the foot of the waiver form that more completely describes the duties of the parties with regard to waiver of

service of the summons. If service is waived after the date provided in the Notice but before Defendants have been personally served, the Answer shall be due **sixty (60) days** from the date on which the request for waiver was sent or **twenty (20) days** from the date the waiver form is filed, whichever is later.

     6. Defendants shall answer the complaint in accordance with the Federal Rules of Civil Procedure. The following briefing schedule shall govern dispositive motions in this action:

     a. No later than **sixty (60) days** from the date their answer is due, Defendants shall file a motion for summary judgment or other dispositive motion. The motion must be supported by adequate factual documentation, must conform in all respects to Federal Rule of Civil Procedure 56, and must include as exhibits all records and incident reports stemming from the events at issue. A motion for summary judgment also must be accompanied by a *Rand*[2] notice so that Plaintiff will have fair, timely, and adequate notice of what is required of him in order to oppose the motion. *Woods v. Carey*, 684 F.3d 934, 935 (9th Cir. 2012) (notice requirement set out in *Rand* must be served concurrently with motion for summary judgment). A motion to dismiss for failure to exhaust available administrative remedies must be accompanied by a similar notice. However, the Court notes that under the new law of the circuit, in the rare event that a failure to exhaust is clear on the face of the complaint, Defendants may move for dismissal under Rule 12(b)(6), as opposed to the previous practice of moving under an unenumerated Rule 12(b) motion. *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014) (en banc) (overruling *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003), which held that failure to exhaust available administrative remedies under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a) ("PLRA"), should be raised by a defendant as an unenumerated Rule 12(b) motion). Otherwise, if a failure to exhaust is not clear on the face of the complaint, Defendants must produce evidence proving failure to exhaust in a motion for summary judgment under Rule 56. *Id.* If undisputed evidence viewed in the light most favorable to Plaintiff shows a failure to exhaust, Defendants are entitled to summary judgment under Rule 56. *Id.* But if material facts are disputed, summary judgment

---

[2] *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998).

8

should be denied and the district judge, rather than a jury, should determine the facts in a preliminary proceeding. *Id*. at 1168.

If Defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date the summary judgment motion is due. All papers filed with the Court shall be promptly served on Plaintiff.

    b.  Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **twenty-eight (28) days** after the date on which Defendants' motion is filed.

    c.  Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact—that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is supported properly by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. *Rand*, 154 F.3d at 962-63.

Plaintiff also is advised that—in the rare event that Defendants argue that the failure to exhaust is clear on the face of the complaint—a motion to dismiss for failure to exhaust available administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit without prejudice. To avoid dismissal, you have the right to present any evidence to show that you did exhaust your available administrative remedies before coming to federal court. Such evidence may include: (1) declarations, which are statements signed under penalty of perjury by you or

9

others who have personal knowledge of relevant matters; (2) authenticated documents—documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers such as answers to interrogatories or depositions; (3) statements in your complaint insofar as they were made under penalty of perjury and they show that you have personal knowledge of the matters state therein. As mentioned above, in considering a motion to dismiss for failure to exhaust under Rule 12(b)(6) or failure to exhaust in a summary judgment motion under Rule 56, the district judge may hold a preliminary proceeding and decide disputed issues of fact with regard to this portion of the case. *Albino*, 747 F.3d at 1168.

(The notices above do not excuse Defendants' obligation to serve similar notices again concurrently with motions to dismiss for failure to exhaust available administrative remedies and motions for summary judgment. *Woods*, 684 F.3d at 935.)

  d. Defendants shall file a reply brief no later than **fourteen (14) days** after the date Plaintiff's opposition is filed.

  e. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

7. Discovery may be taken in this action in accordance with the Federal Rules of Civil Procedure. Leave of the Court pursuant to Rule 30(a)(2) is hereby granted to Defendants to depose Plaintiff and any other necessary witnesses confined in prison.

8. All communications by Plaintiff with the Court must be served on Defendants or their counsel, once counsel has been designated, by mailing a true copy of the document to them.

9. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Pursuant to Northern District Local Rule 3-11, a party proceeding *pro se* whose address changes while an action is pending must promptly file a notice of change of address specifying the new address. *See* L.R. 3-11(a). The Court may dismiss without prejudice a complaint when: (1) mail directed to the *pro se* party by the Court has been returned to the Court as not deliverable, and (2) the Court fails to receive within sixty days of this return a written communication from the *pro se* party indicating a current address. *See* L.R. 3-11(b).

10. Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed on or before the deadline they seek to extend.

IT IS SO ORDERED.

Dated: July 11, 2017

_____
YVONNE GONZALEZ ROGERS
United States District Judge