UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CEDRIC WEBB,<br><br>    Plaintiff,<br><br>v.<br><br>GREGORY AHERN, et al.,<br><br>    Defendants. | Case No. 16-cv-06892-YGR (PR)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS; DENYING PLAINTIFF'S REQUEST FOR APPOINTMENT OF COUNSEL; AND DIRECTING REMAINING DEFENDANT TO FILE A MOTION FOR SUMMARY JUDGMENT** |

## I. INTRODUCTION

Plaintiff has filed a *pro se* civil rights action pursuant to 42 U.S.C. § 1983 stemming from a July 18, 2014 incident during which excessive force was used against him while he had been previously incarcerated at the Santa Rita County Jail. Dkt. 1.

In an Order dated July 11, 2017, the Court determined that Plaintiff stated cognizable Eighth Amendment claims, relating to the use of excessive force as well as the failure to intervene, against the following Defendants from the Alameda County Sheriff's Office: Sheriff Gregory Ahern; Deputy Sheriff Jenkins; Lieutenant C. Medeiros[1]; and Sergeant R. Macintire. Dkt. 5.

Before the Court is Defendants' motion to dismiss portions of Plaintiff's complaint on the grounds that: (1) Plaintiff failed to exhaust his administrative remedies before filing suit, (2) his complaint fails to allege sufficient facts to state a claim for relief against any of the named Defendants, and (3) Defendants are entitled to qualified immunity for their alleged actions or inactions. Dkt. 10.

Also before the Court is Plaintiff's request for appointment of counsel. Dkt. 15.

For the reasons outlined below, the Court GRANTS in part and DENIES in part Defendants' motion to dismiss. Dkt. 10. The Court DENIES Plaintiff's request for appointment of counsel. Dkt. 15.

---

[1] Defendants have informed the Court that since the filing of Plaintiff's complaint Defendant Nobriga's surname changed to Medeiros. Dkt. 10 at 1, fn. 1. Therefore, the Court will refer to her as Defendant Medeiros.

## II. DEFENDANTS' MOTION TO DISMISS

### A. Failure to Exhaust Administrative Remedies

Defendants argue that Plaintiff failed to exhaust available administrative remedies for his excessive force claims. Dkt. 10 at 11-17.[2]

Under *Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014) (en banc), in the rare event that a failure to exhaust is clear on the face of the complaint, a defendant may move for dismissal under Rule 12(b)(6). *Id.* at 1169. Otherwise, a defendant must produce evidence proving failure to exhaust in a motion for summary judgment under Rule 56. *Id.* A defendant must present probative evidence that there was an available administrative remedy and that the prisoner did not exhaust that available administrative remedy. *Id.*

Here, Plaintiff concedes that he failed to exhaust available administrative remedies as to his excessive force claims against Defendants Ahern, Macintire, and Medeiros. Dkt. 13 at 6. A prisoner's concession to nonexhaustion is a valid ground for dismissal. 42 U.S.C. § 1997e(a). Accordingly, a claim may be dismissed without prejudice if it is clear from the record that the prisoner concedes that he did not exhaust administrative remedies. *See Porter v. Nussle*, 534 U.S. 516, 524 (2002); *Booth v. Churner*, 532 U.S. 731, 739-40 & n.5 (2001). Because Plaintiff did not exhaust his excessive force claims against Defendants Ahern, Macintire, and Medeiros prior to filing this action, these claims will be dismissed without prejudice. Thus, the Court GRANTS Defendants' motion to dismiss portions of Plaintiff's complaint under the unenumerated portion of Rule 12(b) for failure to exhaust available administrative remedies as to his excessive force claims against Defendants Ahern, Macintire, and Medeiros. Dkt. 10. Because these claims have been dismissed, the Court need not address Defendants' alternative arguments that such claims fail to state a claim against them or that these Defendants are entitled to qualified immunity.

Meanwhile, Plaintiff claims that he exhausted available administrative remedies as to his excessive force claim against Defendant Jenkins. Dkt. 13 at 6. Out of an abundance of caution, as a matter of clarity, and to ensure that Plaintiff understands the difference between a Rule 12(b)

---

[2] Page number citations refer to those assigned by the Court's electronic case management filing system and not those assigned by the parties.

motion and a motion for summary judgment, Defendants' motion to dismiss portions of Plaintiff's complaint under the unenumerated portion of Rule 12(b) for failure to exhaust available administrative remedies is DENIED as to his excessive force claim against Defendant Jenkins. The denial is without prejudice to Defendant Jenkins renewing the failure to exhaust defense in a motion for summary judgment, if appropriate.

### B. Failure to State a Claim for Relief

The Court shall now consider Defendants' alternative argument that Plaintiff fails to state a claim for relief against Defendant Jenkins, the remaining Defendant in this action. Dkt. 10 at 21-22.

Dismissal for failure to state a claim is a ruling on a question of law. *See Parks School of Business, Inc., v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). "The issue is not whether the plaintiff ultimately will prevail, but whether he is entitled to offer evidence to support his claim." *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987).

In this respect, the motion seeks to have the Court revisit a decision already made, as this Court has decided that the complaint did state a claim upon which relief may be granted as to Defendant Jenkins. *See* Dkt. 5 at 3-5. As mentioned above, on July 11, 2017, the Court did an initial screening of the complaint under 28 U.S.C. § 1915A, which requires the Court to dismiss, among other things, any claims that "fail to state a claim upon which relief may be granted." *See id.* The Court determined that Plaintiff's allegations against Defendant Jenkins in his complaint, when liberally construed, appear to state a claim for relief (specifically, an excessive force claim). *Id.*

To seek reconsideration of an interlocutory order, such as the decision in the July 11, 2017 Order with regard to whether the complaint stated a claim upon which relief may be granted, Defendants had to comply with Local Rule 7-9(a). Here, Defendants did not do so. Defendants did not obtain leave of court to file a motion for reconsideration, and made no argument in the attached brief that would suggest that Defendants could pass the test for such permission. That is, Defendants did not show: (1) that at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the court before entry of the interlocutory order for

3

which the reconsideration is sought, and that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or (2) the emergence of new material facts or a change of law occurring after the time of such order; or (3) a manifest failure by the court to consider material facts which were presented to the court before such interlocutory order. *See* N. D. Cal. Civil L.R. 7-9(b). Even without the special requirements for motions to reconsider, Defendants would have the problem that a pleading challenge following a section 1915A screening of a prisoner complaint rarely will be successful, especially in light of the requirement that *pro se* complaints be liberally construed. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (citations omitted); *Barrett v. Belleque*, 544 F.3d 1060, 1061-62 (9th Cir. 2008) ("'*Pro se* complaints are to be construed liberally and may be dismissed for failure to state a claim only where it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'")

Accordingly, Defendants' motion to dismiss on the alternative ground of failure to state a claim is also DENIED as to the excessive force claim against Defendant Jenkins. Again, Plaintiff's allegations in the complaint, when liberally construed, appear to state a cognizable claim for relief against Defendant Jenkins. Defendants' aforementioned ground for dismissal is more properly raised in a motion for summary judgment.

### C. Qualified Immunity

Finally, Defendants assert that they are entitled to the defense of qualified immunity. Dkt. 10 at 22-26. Because Defendant Jenkins is the only remaining Defendant, the Court considers only his motion for qualified immunity. *Id.* at 25-26.

Qualified immunity protects "government officials . . . from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). The rule of qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law;" defendants can have a reasonable, but mistaken, belief about the facts or about what the law requires in any given situation. *Saucier v. Katz*, 533 U.S. 194, 202 (2001) (internal quotation and citation omitted) *overruled on other grounds by Pearson v. Callahan*, 555 U.S. 223,

4

236 (2009). "Therefore, regardless of whether the constitutional violation occurred, the [official] should prevail if the right asserted by the plaintiff was not 'clearly established' or the [official] could have reasonably believed that his particular conduct was lawful." *Romero v. Kitsap County*, 931 F.2d 624, 627 (9th Cir. 1991). A court considering a claim of qualified immunity must determine whether the plaintiff has alleged the deprivation of an actual constitutional right and whether such right was clearly established such that it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted. *See Pearson*, 555 U.S. at 236 (overruling the sequence of the two-part test that required determination of a deprivation first and then whether such right was clearly established, as required by *Saucier* and holding that court may exercise its discretion in deciding which prong to address first, in light of the particular circumstances of each case). Qualified immunity is particularly amenable to summary judgment adjudication. *Martin v. City of Oceanside*, 360 F.3d 1078, 1081 (9th Cir. 2004).

Here, Defendant Jenkins brings this motion for qualified immunity as a motion to dismiss, pursuant to Rule 12(b)(6). In support of this motion, Defendant Jenkins relies solely on documents—i.e., relevant grievances—attached to Plaintiff's complaint. Defendant Jenkins has submitted no other declarations or evidence outside the pleadings relevant to a qualified immunity determination. Meanwhile, as explained above, Plaintiff has adequately alleged an Eighth Amendment excessive force claim against Defendant Jenkins. Specifically, Plaintiff has alleged that Defendant Jenkins used excessive force against him on July 18, 2014 by (1) "twist[ing] and push[ing] plaintiff's right hand upward so violently that plaintiff stepped forward to relieve himself of the pain"; (2) "slam[ing] plaintiff's head into the table"; and (3) "us[ing] his closed fist to hit plaintiff in the jaw." Dkt. 1 at 6-7. During the time period of the alleged acts, the law was clearly established that prison officials are precluded from using unnecessary force against inmates. However, the question—of whether Defendant Jenkins could reasonably have believed that his conduct was lawful—is more properly resolved on a motion for summary judgment, when Defendant Jenkins is entitled to present evidence on his behalf and the Court may properly consider such evidence. *See, e.g.*, *Morley v. Walker*, 175 F.3d 756, 761 (9th Cir. 1999) (affirming the district court's denial of a dismissal motion on grounds of qualified immunity because the

1 court's review is confined only to the contents of the complaint).  Thus, for the purposes of the

2 instant motion, the Court cannot resolve the issue of whether Defendant Jenkins is entitled to

3 qualified immunity.  Therefore, the Court DENIES Defendant Jenkins's alternative argument that

4 he is entitled to qualified immunity as to Plaintiff's excessive force claim against him.  Again, the

5 denial is without prejudice to Defendant Jenkins renewing the qualified immunity defense in a

6 motion for summary judgment, if appropriate.

Accordingly, the parties shall abide by the following briefing schedule outlined below.

### III. PLAINTIFF'S REQUEST FOR APPOINTMENT OF COUNSEL

There is no constitutional right to counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation.  *See Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18, 25 (1981); *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997) (no constitutional right to counsel in section 1983 action), *withdrawn in part on other grounds on reh'g en banc*, 154 F.3d 952 (9th Cir. 1998) (en banc).  The court may ask counsel to represent an indigent litigant under 28 U.S.C. § 1915 only in "exceptional circumstances," the determination of which requires an evaluation of both (1) the likelihood of success on the merits, and (2) the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.  *See id.* at 1525; *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).  Both of these factors must be viewed together before reaching a decision on a request for counsel under section 1915.  *See id.*

The Court is unable to assess at this time whether exceptional circumstances exist which would warrant seeking volunteer counsel to accept a *pro bono* appointment.  It is premature for the Court to determine Plaintiff's likelihood of success on the merits as to the remaining excessive force claim. Moreover, Plaintiff has been able to articulate his claims adequately *pro se* in light of the complexity of the issues involved.  *See Agyeman v. Corrs. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004).  Accordingly, the request for appointment of counsel is DENIED without prejudice.[3]  Dkt. 15.

---

[3] This does not mean, however, that the Court will not consider appointment of counsel at a later juncture in the proceedings; that is, after Defendant Jenkins has filed a motion for summary

6

## IV. CONCLUSION

For the reasons outlined above, the Court orders as follows:

1. Defendants' motion to dismiss portions of Plaintiff's complaint under the unenumerated portion of Rule 12(b) for failure to exhaust available administrative remedies is GRANTED as to his excessive force claims against Defendants Ahern, Macintire, and Medeiros. Dkt. 10. However, the Court DENIES Defendants' motion to dismiss as to Plaintiff's excessive force claim against Defendant Jenkins based on all grounds (failure to exhaust, failure to state a claim, and his request for qualified immunity). Dkt. 10. The denial is without prejudice to Defendant Jenkins raising the aforementioned grounds for dismissal in a motion for summary judgment.

2. The parties shall abide by the following briefing schedule:

a. Defendant Jenkins shall file a motion for summary judgment within **sixty (60) days** from the date this Order is filed. The motion must be supported by adequate factual documentation, must conform in all respects to Federal Rule of Civil Procedure 56, and must include as exhibits all records and incident reports stemming from the events at issue.

Defendant Jenkins is reminded that a motion for summary judgment also must be accompanied by a *Rand*[4] notice so that Plaintiff will have fair, timely and adequate notice of what is required of him in order to oppose the motion. *Woods v. Carey*, 684 F.3d 934, 935 (9th Cir. 2012) (notice requirement set out in Rand must be served concurrently with motion for summary judgment). If Defendant Jenkins is of the opinion that this case cannot be resolved by summary judgment, Defendant Jenkins shall so inform the Court prior to the date the summary judgment motion is due. All papers filed with the Court shall be promptly served on Plaintiff.

b. Plaintiff's opposition to the motion for summary judgment shall be filed with the Court and served on Defendant Jenkins no later than **twenty-eight (28) days** after the

---

judgment such that the Court will be in a better position to consider the procedural and substantive matters at issue. Therefore, Plaintiff may file a renewed motion for the appointment of counsel after Defendant Jenkins's motion has been filed. If the Court decides that appointment of counsel is warranted at that time, it will seek volunteer counsel to agree to represent Plaintiff pro bono.

[4] *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998).

7

date on which Defendant Jenkins's motion is filed.

Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact—that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradicts the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. *Rand*, 154 F.3d at 962-63.

(The *Rand* notice above does not excuse Defendant Jenkins's obligation to serve said notices again concurrently with any motions for summary judgment. *Woods*, 684 F.3d at 935.)

    c. Defendant Jenkins shall file a reply brief no later than **fourteen (14) days** after the date Plaintiff's opposition is filed.

    d. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

5. Plaintiff's request for appointment of counsel is DENIED without prejudice. Dkt. 15.

6. This Order terminates Docket Nos. 10 and 15.

IT IS SO ORDERED.

Dated: April 26, 2018

_____
YVONNE GONZALEZ ROGERS
United States District Judge

8